# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ANTHONY BAIR,

      Plaintiff,                           Hon.

v.                                             No.   2:21-CV-13027

CRYSTAL GLASS, INC.,           DEMAND FOR JURY TRIAL
a domestic for-profit corporation,

      Defendant.

---

Gregory, Moore, Brooks & Clark, P.C.
Matthew J. Clark (P76690)
*Attorney for Plaintiff*
28 West Adams Ave., Suite 300
Detroit, MI 48226
Telephone: 313-964-5600
Facsimile: 313-964-2125
Matt@unionlaw.net

---

## COMPLAINT AND JURY DEMAND

Plaintiff Anthony Bair ("Bair"), by and through his counsel, Gregory, Moore, Brooks & Clark, P.C., states the following:

### I.    JURISDICTION AND VENUE

1. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Bair's claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, constitute a federal question.

1

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Bair's state law claim as it is so related to the federal claim that they form part of the same case or controversy between Plaintiff and Defendant.

3. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b).

## II.   THE PARTIES

4. Bair is a resident of Livingston County, Michigan.

5. Crystal Glass, Inc. ("Crystal Glass") is a domestic for-profit corporation incorporated under the laws of the State of Michigan and doing business in New Hudson, Michigan.

## III.   FACTUAL ALLEGATIONS

6. Bair was hired as a glazier by Crystal Glass in or around 2014.

7. Bair ceased being employed by Crystal Glass in or around 2017.

8. After leaving employment with Crystal Glass, Bair suffered a workplace injury to his pelvis and right hip while employed by a different employer.

9. Bair was re-employed by Crystal Glass in or around November 2019.

10. After Bair returned to employment at Crystal Glass, his injury worsened.

11. On or about May 19, 2020, Bair requested in writing a reasonable accommodation for his injury. His proposed accommodation consisted of performing lighter duty work that excluded scaffolding, climbing, and heavy lifting.

12. Paul Gaines, Bair's supervisor and scheduler employed by Crystal Glass, indicated that he would try to abide by Bair's request for accommodation, but he stated that Crystal Glass could not always ensure that it would fulfill Bair's accommodation request.

13. Because Crystal Glass declined to abide by Bair's request for reasonable accommodation, Bair was forced to physically overexert himself in the performance of his job duties for Crystal Glass, including by working on ladders and scaffolding.

14. On or about May 31, 2020, Bair advised Crystal Glass that he required hip replacement surgery to address his injury (including but not limited to avascular necrosis of his hip bone) and that he was projected to be fit to return to work a relatively short time after his surgery scheduled on or about June 18, 2020. Bair also notified Crystal Glass of a similar back injury.

15. On or about June 4, 2020, James Solomon, co-owner of Crystal Glass, informed Bair that he was being laid off effective immediately as he claimed Crystal Glass did not have light duty work available for Bair.

16. To the contrary, Crystal Glass had many jobs and work available involving light and restricted duty to which Bair was fit to perform and could have been assigned.

17. On or about June 18, 2020, Bair underwent hip replacement surgery for his injury.

18. On or about June 30, 2020, Solomon informed Bair that it was "not likely" that he would return to work for Crystal Glass.

19. In response, Bair pleaded with Solomon, indicating that he would only need a short time to recover in order to be fit to return to work.

20. Bair was effectively terminated by Crystal Glass on or about June 30, 2020.

21. Crystal Glass also opposed Bair using his company-provided health insurance to pay for his surgery.

22. Crystal Glass refused to consider Bair for rehire even after terminating him.

23. On or about October 5, 2020, Bair, through counsel, sent a demand letter to the attention of Robin Szalma and Solomon, demanding that Crystal Glass provide him and Bair with Bair's complete employment file.

24. To date, Crystal Glass has not provided Bair or his counsel with Bair's complete employment file or any portions thereof.

## IV. CLAIMS

### COUNT I
### Violation of the Americans with Disabilities Act of 1990 ("ADA")
### Discrimination and Failure to Grant Reasonable Accommodation
### 42 U.S.C. § 12101 *et seq.*

25. Plaintiff realleges the preceding paragraphs as though fully stated herein.

4

26. Under the ADA, employers are required, upon learning of an employee's health condition, to initiate an interactive process to determine whether it can offer the employee a reasonable accommodation for their disability that would allow them to perform the essential job functions. 29 CFR § 1630.2(o)(3); 29 §CFR 1630.9.

27. Under the ADA, an employer's failure to make a reasonable accommodation for a qualified individual constitutes unlawful discrimination on the basis of disability. 42 U.S.C. § 12112(b)(5).

28. Due to his hip, pelvis, and back injury and associated surgery and recovery, Bair was a qualified individual with a disability under the ADA.

29. Bair was entitled to a reasonable accommodation for his disability.

30. Crystal Glass failed to provide Bair with a reasonable accommodation for his disability.

31. Such a reasonable accommodation could have taken many forms, including but not limited to assigning Bair to work light duty positions, and/or granting him a temporary leave of absence to recover from his surgery and injury.

32. Crystal Glass also failed to initiate the interactive process to determine whether it could offer Bair a reasonable accommodation that would allow him to perform the essential job functions.

33. In the alternative, should Bair's impairment not substantially limit a major life activity, Crystal Glass regarded him as disabled so as to commit unlawful discrimination. 42 U.S.C. § 12102(1)(C).

34. By the actions stated herein, including refusing to consider a reasonable accommodation for Bair, terminating Bair, and refusing to consider Bair for rehire, Crystal Glass has violated the ADA.

## COUNT II
### Retaliation in Violation of the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101 *et seq.*

35. Plaintiff realleges the preceding paragraphs as though fully stated herein.

36. As set forth in the preceding paragraphs, Crystal Glass retaliated against Bair under the ADA when it terminated his employment and refused to consider him for rehire, as a result of and in response to his notifying them of his disability and his protected request for a reasonable accommodation, and for using the company-provided insurance for his hip surgery.

37. Such conduct violated the ADA anti-retaliation provisions, including but not limited to 42 U.S.C. § 12203 and 29 C.F.R. § 1630.12.

## COUNT III
### Violation of the Bullard-Plawecki Employee Right to Know Act ("ERKA") MCL 423.501 *et seq.*

38. Plaintiff realleges the preceding paragraphs as though fully stated herein.

39. Bair was an employee within the meaning of the ERKA.

40. Crystal Glass was an employer within the meaning of the ERKA.

41. On or about October 5, 2020, Bair's counsel requested Bair's complete employment file from Crystal Glass.

6

42. As of the date of the filing of this Complaint, Crystal Glass has refused to provide Bair or his counsel with a copy of his employment file.

43. By the actions stated herein, Crystal Glass has violated the ERKA.

## V. DEMAND FOR JURY TRIAL

44. Plaintiff hereby demands trial by jury on all his claims.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant as follows:

   a. Declare that Defendant violated Plaintiff's rights under the ADA;

   b. Declare that Defendant violated Plaintiff's rights under the PWDCRA;

   c. Award Plaintiff all damages to which he is entitled, including, but not limited to, all special, general, compensatory, exemplary, punitive, or other damages allowed;

   d. Award Plaintiff his reasonable attorney fees and costs;

   e. Award Plaintiff pre-judgment and post-judgment interest; and

   f. Award Plaintiff such further relief as the court deems necessary and proper in the public interest.

Date: December 28, 2021  Respectfully submitted,

/s/ Matthew J. Clark
Matthew J. Clark (P76690)
Gregory, Moore, Brooks & Clark, P.C.
28 West Adams Ave., Suite 300
Detroit, MI 48226
Telephone: 313-964-5600
Facsimile: 313-964-2125
Matt@unionlaw.net